# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JARROD EVILSIZOR,

|  |  |  |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| | | 14-cv-771-wmc |
| NANCY A. BERRYHILL, Acting Commissioner | | |
| of Social Security, | | |
| | Defendant. | |

Plaintiff Jarrod Evilsizor appeals from an adverse decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which denied his application for disability insurance benefits. Before the court is defendant's motion to remand for further proceedings (dkt. #12), which plaintiff opposes on the ground that the court's remand order should require a *de novo* hearing and a new decision by the ALJ.

The Commissioner's proposed remand order already specifies a fairly sweeping review on remand, including that the ALJ will: (1) evaluate and provide rationale for accepting or rejecting each medical opinion; (2) further evaluate the nature and severity of plaintiff's mental impairments; (3) further evaluate plaintiff's credibility and subjective complaints; (4) if necessary, obtain evidence from a psychological medical expert; (5) evaluate plaintiff's residual functional capacity ("RFC"), if the ALJ reaches step four; and (6) if necessary, obtain supplemental evidence from a vocational expert ("VE"). (Dkt. #12-1.) Nevertheless, the Commissioner disputes that a *de novo* hearing will necessarily be required. She further argues that plaintiff can request a supplemental hearing on any

matter on remand under Social Security Administration policy, if he believes that one is needed.

Still, plaintiff persists that a completely new hearing is required, particularly because certain deficiencies in the ALJ's opinion would appear to require additional testimony from both Evilsizor and a vocational expert, including: (1) a credibility determination and evaluation of his subjective complaints; and (2) incorporation of limitations in his concentration, persistence and pace in reformulating his RFC. The court is sympathetic to plaintiff's concerns, and even more so, to the goal of avoiding a second remand, given the Commissioner's failure to address other issues raised in Evilsizor's appeal. At the same time, the court is reluctant to require a *de novo* review if the Commissioner were to find Evilsizor disabled as part of a record review. Accordingly, the court will remand with direction that the Commissioner first conduct a record review of the issues described above, as well as those issues suitable to record review in its motion for remand.

If after that review, Evilsizor is still found *not* disabled, then the Commissioner should conduct a new hearing, addressing the additional issues concerning credibility determinations and incorporation of any CPP limitations into plaintiff's RFC. *See, e.g., Bates v. Colvin*, 736 F.3d 1093 (7th Cir. 2013) (remanding for rehearing when the ALJ improperly discounted the treating physician's opinion and improperly evaluated the claimant's testimony regarding her mental health); *Indoranto v. Barnhart*, 374 F.3d 470, 474-75 (7th Cir. 2004) (remanding for a new hearing when the ALJ made a faulty credibility determination and failed to submit all of the claimant's work-related

impairments to the VE). Of course, as the Commissioner notes, plaintiff may also request whatever additional relief he maintains is required, including a rehearing on all issues.

ORDER

IT IS ORDERED that:

1) The Commissioner's motion for remand (dkt. #12) is GRANTED IN PART AND DENIED IN PART consistent with this opinion.

2) The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Jarrod Evilsizor's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered this 19th day of April, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge